IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANNIE KUMBA MUSA** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action 4:20-cv-0890 |
| | § | |
| **SOVEREIGN SERVICES OF HOUSTON, INC.,** | § | |
| | § | |
| Defendant. | § | A Jury is Demanded. |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

This is an individual case pursuant to the Fair Labor Standards Act. Defendant Sovereign Services of Houston, Inc. ("SSHI") is a valet and limousine driver service in Texas. SSHI has implemented a business plan that depends upon illegal labor practices to gain an unfair advantage over its competitors and cheat its employees out of wages and overtime. In this case, SSHI hired a human resources specialist, Annie Musa. SSHI required Ms. Musa to work more than 40 hours as the HR specialist for over 600 employees. SSHI, in order to avoid paying overtime, put Ms. Musa on a salary. Ms. Musa brings this case for unpaid overtime.

### Facts Supporting Relief

1. SSHI hired Ms. Musa on August 22, 2017 at $15 per hour as a part

time employee. Ms. Musa very quickly became a full time employee working long hours.  From September of 2017 through February of 2081, Ms. Musa brings claims for off-the-clock time which was not properly paid.  Ms. Musa estimates that she was working approximately 15 to 20 hours of overtime each week and Ms. Musa would be entitled to time and one half for those hours.  After February of 2018, Ms. Musa was placed on a salary.  The salary was $42,000.00 annually.  Ms. Musa continued to work overtime from February 2018 until Ms. Musa left the company on October 25, 2019.  Ms. Musa also estimates that she worked approximately 15 to 20 hours of overtime each week while on a salary. Ms. Musa brings claims for unpaid hours over 40 in weeks from February 2018 through October 25, 2019.

    2.  The work load at SSHI was crushing and Ms. Musa worked long hours. SSHI had numerous issues related to human resources functions and a large number of employees spread across Texas and other states.

    3.  Ms. Musa routinely worked more than 40 hours in the week with the knowledge and at the direction of Defendant.  Ms. Musa worked long hours obtaining important paperwork from employees, some who worked after hours, organizing the employees important paperwork, and keeping appropriate records needed for running the business.  Because the work of the valet and limousine drivers sometimes occurs at night, Ms. Musa would need to visit employees to

obtain information to fill out paperwork for payroll and other matters. Therefore, Ms. Musa worked after normal business hours. Ms. Musa's supervisors frequently texted and emailed Ms. Musa with work assignments and other inquiries after normal working hours and on weekends. On average, Ms. Musa estimates that she worked between six and 15 to 20 hours of overtime per week. SSHI directly benefited from Ms. Musa's regular and overtime work.

4. SSHI's time keeping methods did not record or keep an accurate record of Ms. Musa's time. When Ms. Musa was working hourly, SSHI simply rounded her hours to 40 and paid her the same amount each week (with one exception in November of 2017). SSHI was not accurately recording all of the Plaintiff's hours. Therefore, SSHI avoided paying Ms. Musa for hours that SSHI knew Ms. Musa worked.

5. Ms. Musa was paid overtime once for a total of 9 hours in October of 2017 because she helped work an Astros playoff game. This was the only time that Ms. Musa was paid overtime.

6. When SSHI changed the way Ms. Musa was paid from hourly to salary, it did not change Ms. Musa's duties at all. Ms. Musa was not given additional responsibilities or power. Ms. Musa was not given any less work, instead, Defendant decided to pay Ms. Musa a salary for the express purpose of avoiding overtime. Ms. Musa continued to work overtime and SSHI continued to fail to

account for those hours.

7.   Ms. Musa's primary duties were mostly clerical and were related to registering and tracking employees time, personnel files, pay, and status.  Ms. Musa created and maintained employee files.  Ms. Musa kept track of important government forms such as I-9s and W-4s.  Ms. Musa created personnel files for each of the employees and updated and maintained information for each.

8.   Ms. Musa was not involved in making decisions concerning matters of significance for the business.  Ms. Musa's primary duties were related to book keeping and record keeping, not matters that required discretion or independent judgment with respect to matters of significance.

9.   The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Ms. Musa.  Such practice was, and continues to be, a clear violation of the FLSA.

## Allegations Regarding FLSA Coverage

10.   Defendant Sovereign Services of Houston, Inc. ("SSHI") is a Texas corporation that was an "employer" of the Plaintiff as that term is defined by the FLSA.  With respect to Plaintiff, SSHI is subject to the provisions of the FLSA. Sovereign was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.

## Cause of Action

## Violation of the FLSA – Failure to Pay Overtime Wages Owed

11. Defendant violated the FLSA by failing to pay Ms. Musa overtime.

12. Ms. Musa has suffered damages as a direct result of Defendant's illegal actions.

13. Defendant is liable to Ms. Musa for unpaid compensation, unpaid overtime, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

14. Defendant acted willfully and with reckless disregard of the rights of Ms. Musa.

## **Defendant, Jurisdiction, and Venue**

15. Defendant Sovereign Services of Houston, Inc. ("SSHI") is a Texas corporation subject to the provisions of the FLSA. SSHI may be served through its registered agent, William S. Bush at 5615 Kirby Drive, Suite 900, Houston, TX 77005, or wherever he may be found.

16. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

17. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, Annie Musa, prays that Defendant be cited, served, and made to appear.  Plaintiff prays that she be granted appropriate relief as follows:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid wages and overtime at the applicable rate;
2. An equal amount to the wage and overtime damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims; and
6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF MUSA**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR PLAINTIFF ANNIE MUSA**